**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DR. FREDERICK POLITE, | : |
| Plaintiff, | : |
| v. | : 1:05-CV-174 (WLS) |
| DOUGHERTY COUNTY SCHOOL SYSTEM, et. al., | : |
| Defendants. | : |

## **ORDER**

Before the Court is Plaintiff's Motion for Reconsideration, or in the Alternative, Motion for Clarification. (Doc. 69). For the following reasons, Plaintiff's Motion for Reconsideration, or in the Alternative, Motion for Clarification (Doc. 69) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## **DISCUSSION**

In the instant motion, Plaintiff seeks reconsideration of the Court's March 16, 2007 order (Doc. 68) denying his Motion to Strike (Doc. 60) as procedurally unsound. (Doc. 69). Defendants submit no response to Plaintiff's Motion. (Doc. 70). The Federal Rules of Civil Procedure are silent about motions for reconsideration. Relief granted from motions for reconsideration are within "the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-806 (11th Cir. 1993). It is the practice of this Court to grant a motion for reconsideration only when the movant demonstrates that either: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the court made a clear error of law. McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997). Here, Plaintiff does not adequately show that there has been an intervening change in the law respecting motions to strike, that new

1

and previously unavailable evidence has been discovered through the exercise of due diligence, or that the Court made a clear error of law. (*See* Doc. 69).

Notably, Plaintiff alleges that the Court clearly erred in denying his motion to strike the affidavits in question, maintaining in part that the Court ignored a case he cited from the Eighth Circuit, Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 912 n.8 (8th Cir. 1996) that supports his position that motions to strike are cognizable under the Federal Rules.[1] (*See* Doc. 69). To be clear, the Court reviewed Plaintiff's arguments regarding the appropriateness of motions to strike affidavits, as well as the case and citation he referenced in support thereof. However, as the Court reminded Plaintiff, "[i]n this circuit, the use of a rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion is generally considered improper." McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003), *accord* Newsome v. Webster, 843 F. Supp. 1460, 1464 (S.D. Ga. 1994); Smith v. Southeastern Stages, Inc., 479 F. Supp. 593, 594 (N.D. Ga. 1977). The Court has not erred in denying Plaintiff's motion to strike on these grounds.

Plaintiff also relies upon a case from the Southern District of Georgia, which addresses circumstances under which it may be appropriate under Fed. R. Civ. P. 52, 59 to alter or amend a final judgment, as support for his alternate position that the Court should reconsider the denial of his interlocutory motion to strike to "prevent manifest injustice." (Doc. 69) (citing Estate of Pidcock v. Sunnyland America, 726 F.Supp. 1322, 1333 (S.D. Ga. 1989). Notwithstanding the fact that Estate of Pidcock is clearly inapposite to the procedural posturing of the instant motion, the Court finds that there is no manifest injustice to prevent. To be clear, a plain reading of the Court's March 16, 2007 order indicates that the Court will consider any objections raised respecting the affidavits at issue when considering the summary judgment motion on the merits.

---

[1] The citation, in relevant part states that, "[t]he general rule is that defects in the form of the affidavits are waived if not objected to at the trial court level. Absent a motion to strike or other timely objection, the trial court may consider a document which fails to conform to the formal requirements of Rule 56(e)." Ruby, 76 F.3d at 912, n. 8.

2

(Doc. 68). While denying Plaintiff's motion, the Court specifically did so without prejudice to his rights to otherwise object to the affidavits at issue. *Id*. As stated above, the Court simply found that, as a procedural matter, motions to strike any matters that do not constitute pleadings, such as the affidavits sought to be stricken, are improper.

As Plaintiff has failed to demonstrate either that there has been an intervening change in the law, that new and previously unavailable evidence has been discovered through the exercise of due diligence, or that the court made a clear error of law, Plaintiff's Motion for Reconsideration (Doc. 69) is **DENIED**. Plaintiff's alternate Motion for Clarification (Doc. 69) is **GRANTED** only to the extent that the instant order clarifies the Court's March 16, 2007 order in view of Plaintiff's characterization thereof.[2] All other aspects of the Court's previous order remain in full force and effects.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration, or in the Alternative, Motion for Clarification (Doc. 69) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**SO ORDERED**, this   24th   day of April, 2007.

       /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT JUDGE**

---

[2] All other comments, assertions and purported grounds for Plaintiff's motion are without merit and are therefore summarily **DENIED**.